**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| City of Chandler, ) | No. CV-10-0072-PHX-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Walter Robert Hansen, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before this Court is Plaintiff's Motion to Remand to City Court of Chandler. (Doc. #11). The Court has considered the parties' arguments and now rules as follows.

**I.     Background**

Defendant Walter Hansen ("Mr. Hansen") received a photo-radar traffic ticket from the Plaintiff City of Chandler ("City"). Mr. Hansen failed to appear on July 29, 2009 for his assigned court date and Judge R. Michael Traynor of the Chandler Municipal Court entered default judgment against him. (Doc. #1 at Exhibit 3). On August 11, 2009, City Magistrate Maria Brewer denied Mr. Hansen's request to set aside the judgment. *Id.* at Exhibit 2.

Mr. Hansen filed a "Notice of Removal" with this Court on January 12, 2010. *Id.* The Court permitted Mr. Hansen to amend his notice of removal to allege a procedural and jurisdictional basis for removing this case from state court to federal court. (Doc. #7). Mr. Hansen filed his Amended Notice of Removal on February 16, 2010. (Doc. #9). The City

now moves to remand this case to the City Court of Chandler. (Doc. #11).[1]

**II.    Discussion**

Mr. Hansen argues that this Court has jurisdiction to hear his counterclaim against the City. Mr. Hansen implies that, because the City violated his rights under numerous federal statutes, this case arises out of a federal question. Mr. Hansen further implies that removal is proper under 28 U.S.C. § 1443(1) as interpreted by *City of Greenwood v. Peacock*, 384 U.S. 808 (1966). For the following reasons, the Court disagrees.

Federal courts are courts of limited jurisdiction. As a result, they can hear only those cases that the Constitution and Congress have authorized them to adjudicate: namely, cases involving diversity of citizenship, a federal question, or cases to which the United States is a party. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party asserting jurisdiction bears the burden of proving a jurisdictional basis. *Id.*

**A.    Federal Question**

Mr. Hansen asserts that the City violated his federal rights when it issued him a photo-radar ticket. (Doc. #9 at 2-3). Mr. Hansen argues that, in light of the alleged violations of federal law, this Court has jurisdiction based on a federal question. The Court disagrees.

28 U.S.C. § 1331 grants federal courts jurisdiction over federal questions, stating, "[t]he district courts shall have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States." *Id.* (emphasis added); *see also* U.S. Const. art. III, § 2 ("The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties. . ."). Courts have interpreted "aris[es] under" federal law to require that the federal question appear on the face of the *plaintiff's* complaint. *See Fran. Tax Bd. v. Constr. Lab. Vacation Trust*, 463 U.S. 1, 9-12 (1983) (emphasis added); *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908). Thus, a case cannot be removed to federal court "on the basis of a federal defense.

---

[1] Mr. Hansen has subsequently filed a counterclaim against the City in this Court. (Doc. #13). This Court cannot assess the merits of Mr. Hansen's counterclaim unless it has jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

. . even if the defense is anticipated in the complaint and both parties admit that the defense is the only question truly at issue." *Fran. Tax Bd.*, 463 U.S. at 2; *see also Tenn. v. Union Planters' Bank*, 152 U.S. 454, 461 (1894). If a federal question does not appear on the face of the Plaintiff's complaint, the case must be remanded to the proper state court. *Union Planters' Bank*, 152 U.S. at 461.

Here, the City charged Mr. Hansen with a traffic citation under Ariz. Rev. Stat. § 28-701A. (Doc. #1 at Exhibit 1). This is a purely state law. Thus, federal question does not "appear on the face of the plaintiff's complaint." *Franchise Tax Bd.*, 463 U.S. at 14. Although Mr. Hansen raises numerous federal questions in his defense, this case cannot be removed on the basis of these federal defenses. *See id.* at 2. Therefore, this Court does not have jurisdiction on the basis of a federal question.

**B.      Removal of Civil Rights Cases under 28 U.S.C. § 1443**

Mr. Hansen argues that removal is proper because the City violated his civil rights and he could not get a fair trial in state court. (Doc. #12 at 2). Mr. Hansen cites *City of Greenwood v. Peacock* for the proposition that this case can be removed under 28 U.S.C. § 1443(1). However, the Court finds that Mr. Hansen has not shown removal was proper under § 1443(1).

28 U.S.C. § 1443 authorizes federal courts to take jurisdiction over state court proceedings that fail to adhere to federal civil rights laws. *See St. Of Ga. v. Rachel*, 384 U.S. 780, 792 (1966). § 1443 reads:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

28 U.S.C. § 1443.

As a preliminary matter, the Court notes that Mr. Hansen's reliance on *City of Greenwood v. Peacock* is misplaced. In that case, the state of Mississippi sought to prosecute 29 civil rights activists in state court for various state crimes. *Peacock*, 384 at 810. The

activists attempted to remove their cases to federal court under § 1443(1), alleging that they could not obtain a fair trial in the state court due to their status as civil rights activists. *Id.* at 811. The Supreme Court denied petitioners' attempt to remove their state prosecutions to federal court reasoning that "no federal law confers an absolute right on private citizens. . . to obstruct a public street, to contribute to the delinquency of a minor, to drive an automobile without a license, or to bite a policeman." *Id.* at 826-827. Thus, *Peacock* does little to support Mr. Hansen's petition for removal under § 1443(1).

However, on the same day that the Supreme Court denied removal under § 1443(1) to the petitioners in *Peacock*, the Court granted removal under § 1443(1) to the petitioners in *State of Georgia v. Rachel*. 384 U.S. at 792 (1966). In *Rachel*, the state of Georgia sought to prosecute civil rights activists for failing to leave a restaurant when asked to do so by the owner of the restaurant. *Id.* at 783. The Court found that the state law allowing restaurant owners to ask non-white customers to leave their restaurants violated federal law guaranteeing racial equality. *Id.* at 793-794. The Court then granted removal under § 1443(1), reasoning that the state court was routinely prosecuting defendants for the very right guaranteed by federal law. *Id.* at 794, 805-806. This is distinguishable from *Peacock*, where no federal right immunized the petitioners' acts from prosecution in a state court. *Peacock*, 384 U.S. at 826-827. Thus, this Court will follow *Rachel* and its progeny to determine whether Mr. Hansen may remove his case to federal court pursuant to § 1443(1).

A removal petition under § 1443(1) must satisfy a two-pronged test. The first prong requires that "the right allegedly denied [to] the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality." *Johnson v. Miss.*, 421 U.S. 213, 219 (1975) (quoting *Rachel*, 384 U.S. at 792) (internal citations omitted). As the Supreme Court determined in *Rachel*, Congress enacted § 1443 to protect the rights granted to newly freed slaves in the Civil Rights Act of 1866. *Rachel*, 384 U.S. at 789-790. Congress did not intend § 1443(1) to allow removal based on laws "that confer equal rights in the sense, vital to our way of life, of bestowing them upon all," of which "the due process clause and 42 U.S.C. § 1983 are sufficient examples." *Rachel*, 384 U.S. at 789-792. The

second prong for removal under § 1443(1) requires "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." *Johnson*, 421 U.S. at 219 (internal citations omitted). This requirement is met only "in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Johnson*, 421 U.S. at 220.

Mr. Hansen has not met his burden of proof on the first prong of the test for removal under § 1443(1). Mr. Hansen says the City denied his federal rights under 42 U.S.C. § 1983 and 18 U.S.C. § 241, but neither statute contains "any rights stated in terms of racial equality." *See e.g. Johnson*, 421 U.S. at 219; *Cal. v. Dawodu*, 122 Fed. Appx. 884, 885 (9th Cir. 2004) (finding that § 1983 "do[es] not provide for specific civil rights stated in terms of racial equality"). Instead, § 1983 and § 241 confer general rights that affect all citizens, making no reference to racial equality. *See Rachel*, 384 U.S. at 789-792. Thus, Congress did not intend § 1443(1) to permit removal based on a counterclaim under § 1983 or § 241. *See id.* Mr. Hansen therefore has not shown that the City denied any right arising "under a federal law providing for specific civil rights stated in terms of racial equality." *See Johnson*, 421 U.S. at 219.[2]

Mr. Hansen also has not met his burden of proof on the second prong for removal under § 1443(1). Mr. Hansen has not presented evidence as to why the City Court of Chandler could not fairly adjudicate his claims. Even if the City Court erroneously dismissed all Mr. Hansens's claims, there is no reason to believe that the state appellate courts could not resolve these issues. *See Inland Valley Dev. Agency v. Patel*, 116 Fed. Appx. 98, 99 (9th Cir. 2004) ("there is no assertion that the California appellate courts are incapable of correcting errors, if any, made by the trial court in this case"). Neither do the state courts "inevitably [] den[y]"defendants' rights "by the very act of bringing [them] to trial" because

---

[2]Mr. Hansen also alleges that the City violated his rights under 14 U.S.C. § 341 and § 342. No such sections exist, and Title 14 of the United States Code concerns the United States Coast Guard.

there is no absolute right to exceed the state's speed limits. *See Peacock*, 384 U.S. at 826-827 ("no federal law confers an absolute right on private citizens. . . to obstruct a public street, to contribute to the delinquency of a minor, to drive an automobile without a license, or to bite a policeman."). There is simply no evidence that Mr. Hansen cannot pursue his federal rights in the proper state court.

### C. Review of State Court Final Judgment

Alternatively, this Court finds it has no jurisdiction over Mr. Hansen's claim because a state court already issued a final judgment.

Under the *Rooker-Feldman* doctrine, a federal district court may not review the final judgment of a state court based on an allegedly erroneous ruling by that state court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 417 (1923). The *Rooker-Feldman* doctrine allows a litigant who loses at state court to seek reversal of that decision by appealing to a higher state court. *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). If the litigant loses at the highest state court, he may seek reversal by appealing to the United States Supreme Court. *Id.* The litigant may not at any time, however, appeal to a federal district court, even if a federal question is present. *Id.* "*Rooker-Feldman*. . . comes into play as a contested issue when a disappointed party seeks to take not a formal direct appeal, but rather its de facto equivalent, to a federal district court." *Id.* A federal plaintiff who seeks to bring a de facto appeal "may not seek to litigate an issue that is 'inextricably intertwined' with the state court judicial decision from which the forbidden de facto appeal is brought." *Id.* at 1158 (citing *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 486-487 (1983).

The Ninth Circuit applied the *Rooker-Feldman* doctrine in *Allah v. Superior Court*. 871 F.2d 887 (9th Cir. 1989). In *Allah*, a California superior court dismissed the plaintiff's personal injury claim after he failed to comply with a discovery order. *Id.* at 891. Plaintiff then filed a petition with the federal district court alleging that the superior court denied him equal protection and due process by dismissing his claim. *Id.* The Ninth Circuit held that the district court could not review the case; rather, the case must be appealed first within the state courts and finally to the United States Supreme Court. *Id.*

1    Mr. Hansen has not appealed his July 29, 2009 default judgment or August 11, 2009
2 decision denying reconsideration to a higher state court. Rather, Mr. Hansen seeks to re-
3 litigate his photo-radar ticket in federal district court through his "Amended Notice of
4 Removal" and his subsequent counterclaim. (Doc. #9; Doc. #13). As in *Allah*, Mr. Hansen
5 is seeking relief from a state court's legal determination under various federal and
6 constitutional provisions, but he has not appealed the state court's final judgment to the state
7 appellate court. *See Allah,* 871 F.2d at 891. This case is more than "inextricably
8 intertwined" with the state court's final judgment. *See Noel*, 341 F.3d at 1158. It is
9 comprised of the exact same factual situation: a photo-radar ticket issued by the City to Mr.
10 Hansen. Mr. Hansen's counterclaim is merely a de facto appeal of the City Court's final
11 judgment. Therefore, the *Rooker-Feldman* doctrine strips this Court of jurisdiction to hear
12 Mr. Hansen's claim.

**III.    Conclusion**

For the reasons cited herein, the Court finds it has no jurisdiction over this case and therefore the City's motion to remand to City Court is granted.

**Accordingly,**

**IT IS ORDERED** that the City's Motion to Remand to City Court (Doc. #11) is granted.

DATED this 13th day of July, 2010.

_____
James A. Teilborg
United States District Judge